(No. 83-CV-1117-■■■■■)

*In re* APPLICATION OF MARIA PACHECO.

*Opinion filed January 11, 1984.*

MARIA PACHECO, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This claim arises out of an incident that occurred on April 4, 1983. Maria Pacheco, mother of the deceased victim, Carmen Pacheco, seeks compensation pursuant

to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on May 23, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased daughter, Carmen Pacheco, age 26, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: arson (Ill. Rev. Stat. 1979, ch. 38, par. 20—1).

2. That on April 3, 1983, the victim died of smoke inhalation as a result of an intentionally set fire in her basement apartment at 1535 North Central, Chicago, Illinois. The victim was taken to St. Anne's Hospital where she expired shortly thereafter.

The police investigation was able to determine that there were three points of origin and that the fire was started with a high boiling petroleum distillate. The offender has not been apprehended.

3. That the Claimant seeks compensation under the Act for funeral expenses only. The Claimant was not dependent upon the victim for support.

4. That funeral and burial expenses were paid by the Claimant in the amount of $3,673.00. Pursuant to section 2(h) of the Act funeral and burial expenses are compensable to a maximum of $2,000.00. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

5. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

6. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e).

7. That the Claimant has received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

8. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $2,000.00 maximum award deemed compensable under the Act for funeral benefits.

It is hereby ordered that the sum of $2,000.00 (two thousand dollars) be and is hereby awarded to Maria Pacheco, mother of the deceased victim, Carmen Pacheco, an innocent victim of a violent crime.